UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 8491

| | |
|---|---|
| EDRIS MALCOLM, | ) Case No. _____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| POTTS LAW OFFICES, PLLC, as | ) Jury Trial Demanded |
| successor in interest to Potts & Waldron, | ) |
| P.C., | ) |
| WALDRON LAW GROUP, PLLC, as | ) |
| successor in interest to Potts & Waldron, | ) |
| P.C., and | ) |
| MARK WALDRON, individually, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Edris Malcolm ("Plaintiff"), is a natural person who at relevant times resided in the State of New York, County of Bronx, and City of Bronx.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3)

6. Defendant, Potts Law Offices, PLLC, as successor in interest to Potts & Waldron, P.C. ("PLO"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Waldron Law Group, PLLC, as successor in interest to Potts & Waldron, P.C. ("WLG"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Mark Waldron ("Mr. Waldron"), is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Upon information and good-faith belief, Mr. Waldron — as a manager of WLG — manages the business and affairs of WLG's debt collection business.

10. Upon information and good-faith belief, Mr. Waldron — as a manager of WLG — is involved in the day-to-day operations of WLG's debt collection business.

11. Upon information and good faith-belief, Mr. Waldron — as a manager of WLG — exercises control over the affairs of WLG's debt collection business.

12. PLO, WLG, and Mr. Waldron (collectively "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely homeowner's association assessments and charges for a personal residence.

15. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

16. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17. In connection with the collection of an alleged debt in default, Potts & Waldron, P.C. sent Plaintiff initial written communication dated November 22, 2011 to her Bronx address, and in such communication stated in relevant part:

> This firm represents Maricopa Meadows Homeowners Association (the "Association"). If you are not aware, failure to pay assessments to the Association **can potentially result in legal action against you.**
>
> To avoid the risk of further legal action, please pay the balance in full as outlined below as soon as possible. Provided you have not made any recent payments to the Association, and provided we are not required to take any further action related to your delinquency, **your balance as of November 22, 2011 is $1,022.87.** See enclosed ledger. **This balance must be paid within 30 days from the date of this letter.**

See November 22, 2011 Correspondence, attached as Exhibit A. (emphasis in original).

18. Mr. Waldron hand-signed the November 22, 2011 collection letter to Plaintiff.

19. Plaintiff did not receive Defendant's letter dated November 22, 2011 until several days after the date of the letter.

20. By demanding payment within thirty days from the *date* of its November 22, 2011 correspondence, Defendants demanded payment from Plaintiff within the thirty-day period provided by 15 U.S.C. § 1692g(a), which begins following the consumer's *receipt* of the initial written communication.

21. Potts & Waldron, P.C.'s November 22, 2011 communication included an accounting ledger, which contained a charge described as "Transfer for Legal Action," leading the least sophisticated consumer to believe that legal action against her was imminent, or had already been commenced. *See* November 22, 2011 HOA Ledger, attached hereto as Exhibit "B."

22. Potts & Waldron, P.C.'s November 22, 2011 communication, which also demanded that payment be made by Plaintiff within thirty days "[t]o avoid risk of further legal action," was an implied threat to commence litigation against Plaintiff.

23. In addition to threatening suit within the initial thirty (30) day dispute period, Potts & Waldron, P.C. qualified its threat by stating "provided we are not required to take any further action," indicating that litigation against Plaintiff could be initiated at any time.

24. Potts & Waldron, P.C.'s statements in its November 22, 2011 communication were inconsistent with and overshadowed Plaintiff's rights pursuant to 15 U.S.C. § 1692g(a).

25. Nowhere in its November 22, 2011 communication did Potts & Waldron, P.C. explain how its threats of suit and demands for payment within the thirty day period were consistent with Plaintiff's rights under 15 U.S.C. § 1692g(a).

26. By failing to explain how its demands for payment and threats of legal action within the thirty day period comport with Plaintiff's rights under section 1692g, Defendants' letter confuses the least sophisticated consumer and overshadows the required notices, encouraging the consumer to forego their statutory rights and pay the debt before expiration of the thirty day period, or else suffer adverse consequences.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

27. Plaintiff repeats and re-alleges each and every factual allegation above.

28. PLO, as successor in interest to Potts & Waldron, P.C., and WLG, as successor in interest to Potts & Waldron, P.C., violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a), in its November 22, 2011 initial written communication to Plaintiff, including by demanding payment within the thirty (30) day dispute period, and threatening legal action against Plaintiff with no explanation as to how its threats of legal action and demands for payment within the thirty day period were consistent with Plaintiff's right to dispute the debt within thirty days after receipt of the letter.

29. Mr. Waldron is personally liable to Plaintiff, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of WLG's debt collection business, his responsibility for day-to-day supervision of WLG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of

control over the affairs of WLG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

30.   Plaintiff is entitled to and hereby demands a trial by jury.

This 10 day of November, 2012.

ATTORNEYS FOR PLAINTIFF
*Edris Malcolm*

Respectfully submitted,

By: _____
Jeanne Lahiff, Esq.
NY Bar No. 2252435
Weisberg & Meyers, LLC
410 High Street, Suite 2
Cranford, NJ 07016 - 3025
(862) 812-0623
(866) 842-3303 (fax)
jlahiff@attorneysforconsumers.com

*Please send correspondence to the address below:*

*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

Exhibit "A"

# POTTS WALDRON

November 22, 2011

Edris Malcolm
PO Box 237
Bronx, NY 10452

Re:   *Request to Resolve Past Due Balance to Maricopa Meadows Homeowners Association*
      *64 W Rainbow Dr, Maricopa, AZ 85139*
      *122*

Dear Edris Malcolm:

This firm represents Maricopa Meadows Homeowners Association (the "Association"). If you are not aware, failure to pay assessments to the Association **can potentially result in legal action against you.**

To avoid the risk of further legal action, please pay the balance in full as outlined below as soon as possible. Provided you have not made any recent payments to the Association, and provided we are not required to take any further action related to your delinquency, **your balance as of November 22, 2011 is $1,022.87.** See enclosed ledger. **This balance must be paid within 30 days from the date of this letter.**

Please remit payments to Potts & Waldron, P.C. at 450 North Dobson Road, #106, Mesa, Arizona 85201. Please make the payments payable to the Association. To ensure proper crediting to your account, make sure to indicate your unit number on your checks. Please be advised that unless there is a formal written repayment agreement in place, remittance of a partial payment may not necessarily stop the collections process. If Payment or a request for a repayment agreement is not remitted within the specified timeframe, this firm may take further legal action at which time additional attorney fees will be charged to your account.

*This firm is a debt collector and is attempting to collect a debt. Any information obtained can be used for that purpose. Unless you dispute the validity of the debt, or any portion thereof, within thirty days from receipt of this letter, it will be assumed to be valid.*

*If the dispute is received in writing, debt verification, or a copy of the judgment, will be obtained and mailed to you. If requested in writing within thirty days, the original creditor's name and address will be provided.*

Please contact the office of Potts & Waldron, P.C. at 480-993-2142 with any questions.

450 N. Dobson Rd., Ste. 106
Mesa, Arizona 85201
ph 480.993.2142
fax 480.882.0937
mwaldron@pottswaldron.com

# POTTS WALDRON

Thank you in advance for resolving this situation.

Sincerely,

*[signature]*

Mark W. Waldron
Encl.

450 N. Dobson Rd., Ste. 106
Mesa, Arizona 85201
ph 480.993.2142
fax 480.882.0937
mwaldron@pottswaldron.com

# Exhibit "B"

# POTTS WALDRON

450 North Dobson Road, Ste 106
Mesa, AZ 85201
Phone: 480-993-2142
Fax: 480-882-0937

## Accounting Ledger                                                                11/22/2011

Collection Key: Malcom  (122)
Unit:           64 West Rainbow Drive
                Maricopa, AZ 85139

| Post Date | Description | Amount | Balance | Memo |
|---|---|---|---|---|
| 10/1/2009 | ASSESSMENT-QUARTERLY | $ 148.50 | $ 148.50 | Assessment-Quarterly |
| 10/1/2009 | CABLE TELEVISION | $ 44.97 | $ 193.47 | CABLE TELEVISION |
| 10/13/2009 | Association Mgmt Payment | $ (193.47) | $ - | PAYMENT |
| 1/1/2010 | ASSESSMENT-QUARTERLY | $ 148.50 | $ 148.50 | Assessment-Quarterly |
| 1/1/2010 | CABLE TELEVISION | $ 49.95 | $ 198.45 | CABLE TELEVISION |
| 1/12/2010 | Association Mgmt Payment | $ (198.45) | $ - | Lckbx Pmt |
| 4/1/2010 | ASSESSMENT-QUARTERLY | $ 148.50 | $ 148.50 | Assessment-Quarterly |
| 4/1/2010 | CABLE TELEVISION | $ 49.95 | $ 198.45 | CABLE TELEVISION |
| 4/28/2010 | REBILL FEE | $ 15.00 | $ 213.45 | REBILL FEE |
| 4/28/2010 | LATE CHARGE | $ 15.00 | $ 228.45 | LATE CHARGE |
| 5/25/2010 | CERT LIEN LTR | $ 35.00 | $ 263.45 | Cert Lien Ltr |
| 7/1/2010 | CABLE TELEVISION | $ 49.95 | $ 313.40 | CABLE TELEVISION |
| 7/1/2010 | ASSESSMENT-QUARTERLY | $ 148.50 | $ 461.90 | Assessment-Quarterly |
| 7/27/2010 | LATE CHARGE | $ 15.00 | $ 476.90 | LATE CHARGE |
| 8/12/2010 | COLLECTION COST | $ 23.75 | $ 500.65 | MNTR T/S 10/12/2010 |
| 10/1/2010 | CABLE TELEVISION | $ 49.95 | $ 550.60 | CABLE TELEVISION |
| 10/1/2010 | ASSESSMENT-QUARTERLY | $ 148.50 | $ 699.10 | Assessment-Quarterly |
| 10/22/2010 | LATE CHARGE | $ 15.00 | $ 714.10 | LATE CHARGE |
| 10/26/2010 | COLLECTION COST | $ 23.75 | $ 737.85 | DKT TRST DEED 10/12 |
| 1/1/2011 | CABLE TELEVISION | $ 51.45 | $ 789.30 | CABLE TELEVISION |
| 1/1/2011 | ASSESSMENT-QUARTERLY | $ 155.93 | $ 945.23 | Assessment-Quarterly |
| 1/10/2011 | ASSESSMENT-QUARTERLY | $ (157.98) | $ 787.25 | PRORATE 10/20 TO #2 |
| 1/10/2011 | LATE CHARGE | $ (222.38) | $ 564.87 | TRF TO #2 |
| 10/18/2011 | Legal Action Letter | $ 75.00 | $ 639.87 | |
| 10/18/2011 | Certified Mail | $ 9.00 | $ 648.87 | |
| 10/18/2011 | Certified Mail | $ 9.00 | $ 657.87 | |
| 10/18/2011 | Skip Trace | $ 50.00 | $ 707.87 | |
| 11/22/2011 | Transfer for Legal Action | $ 250.00 | $ 957.87 | |
| 11/22/2011 | FDCPA Validation Notice | $ 65.00 | $ 1,022.87 | |